NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3341
_____

UNITED STATES OF AMERICA

v.

LENNIE HINES, a/k/a DIRTY

LENNIE HINES,
Appellant

_____

On Appeal from the United States District Court
For the Middle District of Pennsylvania
(D.C. Criminal Action No. 1-09-cr-00381-004)
District Judge:  Honorable Christopher C. Conner
_____

Submitted Under Third Circuit LAR 34.1(a)
April 17, 2012
_____

Before:  SCIRICA, AMBRO and NYGAARD, Circuit Judges

(Opinion filed: April 17, 2012)
_____

OPINION
_____

AMBRO, Circuit Judge

        Lennie Hines pled guilty to one count of unlawfully manufacturing, distributing,

and possessing with the intent to manufacture and distribute a mixture and substance

containing a detectable amount of cocaine hydrochloride and cocaine base in violation of 21 U.S.C. § 841(a)(1). The District Court sentenced him to 84 months' imprisonment, followed by three years' supervised release. Additionally, the Court imposed a $1,000 fine and a $100 special assessment. Hines filed a timely notice of appeal. His attorney now moves to withdraw as counsel under *Anders v. California*, 386 U.S. 738 (1967), asserting that all potential grounds for appeal are frivolous. Hines has not filed a *pro se* brief. We grant the motion and affirm the judgment and sentence of the District Court.

## I.

Because we write solely for the parties, we recite only those facts necessary to our decision. In November 2009, Hines and eight others were indicted for violating § 841(a)(1). After the Government filed a Superseding Information, limiting the charge, Hines and the Government agreed in a written plea agreement that he would plead guilty to the one-count Superseding Information and the Government would recommend an adjusted offense level of 27, consisting of a base offense level of 30 (reflecting that an amount less than 150 grams should be used to determine the advisory range under the Sentencing Guidelines) and a three-step reduction for Hines' acceptance of responsibility. Hines later appeared before the District Court for the Middle District of Pennsylvania, pled guilty, and waived his right to indictment by grand jury.

Thereafter, the United States Probation Office prepared a Pre-Sentence Report ("PSR"). The PSR held Hines responsible for more drugs than he and the Government agreed in his plea agreement. As a result, it recommended a higher base offense level (32 instead of 30) and a higher adjusted offense level (29 instead of 27) than his plea

2

agreement. Hines objected to the PSR and argued for an adjusted offense level of 27, which resulted in an advisory Guidelines' range of 100 to 125 months in light of his criminal history category. He also asked the District Court to consider the factors set forth in 18 U.S.C. § 3553(a), depart from the 100 to 125-month range, and impose a sentence of 84 months' imprisonment.

At sentencing, the parties agreed that Hines' base offense level was 28 and his adjusted offense level was 25, taking into account a three three-step reduction for his acceptance of responsibility. After taking into account Hines' criminal history category, the District Court calculated the advisory Guidelines' range to be 84 to 105 months' imprisonment. After considering the § 3553(a) factors, the Court, as noted, imposed a sentence of 84 months' imprisonment.

## II.

Our rules provide that "[w]here, upon review of the district court record, counsel is persuaded that the appeal presents no issue of even arguable merit, counsel may file a motion to withdraw and supporting brief pursuant to *Anders*." 3d Cir. L.A.R. 109.2(a). If we concur with trial counsel's assessment, we "will grant [the] *Anders* motion, and dispose of the appeal without appointing new counsel." *Id.* Accordingly, our inquiry "is . . . twofold: (1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

In his *Anders* brief, Hines' attorney identified three potential grounds for direct appeal: (1) the District Court's jurisdiction; (2) the validity of Hines' guilty plea; and (3)

3

the reasonableness of Hines' sentence. Our review of the record confirms counsel's assessment that there are no nonfrivolous issues for appeal.

First, we agree that the District Court had jurisdiction under 18 U.S.C. § 3231. Pursuant to that section, federal district courts have jurisdiction over all offenses committed against the laws of the United States.

Second, we uphold the validity of Hines' guilty plea. The District Court conducted an extensive plea colloquy complying with the standards set forth in *Boykin v. Alabama*, 395 U.S. 238 (1969), and Federal Rule of Criminal Procedure 11. At his plea hearing, Hines was advised of his rights and the consequences of pleading guilty. App. 46-69. The Court reviewed the charge of unlawful distribution of controlled substances, the statutory maximum penalties, and Hines' waiver of his right to a grand jury indictment. *Id*. It also complied with the specific colloquy requirements set out in Federal Rule of Criminal Procedure 11(c), advising Hines of the federal criminal trial rights that he waived by pleading guilty. *Id.*

Finally, we agree that Hines' sentence is procedurally and substantively reasonable. District courts must follow a three-step process in imposing a sentence: (1) calculate the applicable Guidelines range; (2) formally rule on any departure motions and explain its ruling on such motions; and (3) exercise discretion in applying any relevant factors set forth in 18 U.S.C. § 3553(a). *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006). At sentencing, the Court accepted the parties' stipulation to apply the updated drug quantity table, assigning Hines a base offense level of 28, rather than 30 as set out in the plea agreement, and an adjusted offense level of 25, accounting for the three-step

acceptance-of-responsibility reduction.  App. 92-94.  Combined with a Criminal History Category of IV, the Court calculated Hines' Guidelines range to be 84-105 months.  App. 93-94.  No parties motioned for variances from the Guidelines' range; however, the Court heard arguments in favor of a lenient sentence in light of several § 3553(a) factors, including Hines' status as a fiancé and as a father of a young boy and his claim that he was led astray by ill-disposed peers in the scheme to help raise money for his family.  App. 94-98.  The Court stated that because Hines' record also reflected a history of criminal activity involving illegal firearm possession and drug charges, it should adhere to the Guidelines range that "accurately take[s] care of . . . [Hines'] criminal history, the likelihood of recidivism, and an appropriate amount of deterrence . . . ."  App. 99-101.  Inasmuch as Hines' 84-month sentence followed proper procedures and was at the low end of his Guidelines' range, we cannot say that the sentence was either procedurally or substantively unreasonable.

\* \* \* \* \*

Hines' counsel adequately fulfilled the requirements of *Anders*.  Because our independent review of the record fails to reveal any nonfrivolous grounds for direct appeal, we grant counsel's motion to withdraw and affirm Hines' sentence.